**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 98-6462**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CLEVELAND MCLEAN, JR., a/k/a June, a/k/a
Junior,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior
District Judge. (CR-90-105, CA-96-424)

Submitted: June 18, 1998          Decided: July 8, 1998

Before MURNAGHAN and WILKINS, Circuit Judges, and PHILLIPS, Senior
Circuit Judge.

Dismissed by unpublished per curiam opinion.

Cleveland McLean, Jr., Appellant Pro Se. Laura Marie Everhart,
Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellant filed an untimely notice of appeal. We dismiss the appeal for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions have sixty days within which to file in the district court notices of appeal from judgments or final orders. Fed. R. App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

The district court entered its order on May 15, 1996; Appellant's notice of appeal was filed on March 23, 1998. Appellant's failure to file a timely notice of appeal[*] or to obtain either an extension or a reopening of the appeal period leaves this court without jurisdiction to consider the merits of Appellant's appeal. We therefore deny Appellant's motion for a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in

---

[*] For the purposes of this appeal we assume that the date Appellant wrote on the notice of appeal is the earliest date it would have been submitted to prison authorities. See Houston v. Lack, 487 U.S. 266 (1988).

the materials before the court and argument would not aid the decisional process.

DISMISSED